ANDREWS KURTH LLP
450 Lexington Avenue, 15th Floor
New York, New York 10017
(212) 850-2800
Anju Uchima (AU 7198)

LEONARD, STREET AND DEINARD
150 South Fifth Street
Suite 2300
Minneapolis, Minnesota 55402
(612) 335-1500
Steven D. DeRuyter (MN #022287)
Edwin H. Caldie (MN#388930)

*Counsel for Defendant RSM McGladrey, Inc.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MORGAN & FINNEGAN, L.L.P.,<br><br>Debtors. | Chapter 7<br><br>Case No. 09-11203 (RDD) |
| ROY BABBIT, Trustee for the Chapter 7 Estate of MORGAN & FINNEGAN, L.L.P.,<br><br>Plaintiff,<br><br>v.<br><br>RSM MCGLADREY, INC.,<br><br>Defendant. | Adv. Proc. No. 11-01638 (RDD) |

## ANSWER TO COMPLAINT

RSM McGladrey, Inc. ("McGladrey"), by its undersigned counsel, as and for its Answer to the complaint (the "Complaint") filed by Plaintiff Roy Babbitt, Trustee for the Chapter 7 Estate of Morgan & Finnegan, L.L.P., (the "Plaintiff"), alleges as follows:

NYC:227053.2

1.  McGladrey admits the allegations contained in paragraph 1 of the Complaint.

2.  The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions and, as such, no response is required.

3.  McGladrey admits the allegations contained in paragraph 3 of the Complaint.

4.  McGladrey admits the allegations contained in paragraph 4 of the Complaint.

5.  McGladrey admits the allegations contained in paragraph 5 of the Complaint.

6.  McGladrey admits the allegations contained in paragraph 6 of the Complaint.

7.  McGladrey admits the allegations contained in paragraph 7 of the Complaint.

8.  McGladrey admits the allegations contained in paragraph 8 of the Complaint.

9.  McGladrey is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and McGladrey therefore denies the same.

10. McGladrey admits that it received two transfers from Morgan & Finnegan, LLP, in the aggregate amount of $34,202.00 within 90 days preceding March 17, 2009. McGladrey denies that the respective dates of such transfers were January 29, 2009, and February 10, 2009.

11. McGladrey admits that it received these transfers in payment for professional services rendered. McGladrey states, however, that the remaining allegations and statements contained in Paragraph 11 of the Complaint constitute legal conclusions and, as such, no response is required. To the extent a response is required, McGladrey denies such allegations and statements.

## Claim for Relief

### (Avoidance and Recovery of Allegedly Preferential Transfers)

12. For its answer to Paragraph 12 of the Complaint, McGladrey repeats, re-alleges and incorporates by reference each of its above responses to Paragraphs 1-11 as if set forth fully herein.

13. The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions and, as such, no response is required. To the extent a response is required, McGladrey denies the allegations and statements in Paragraph 13.

14. McGladrey admits that it received two transfers from Morgan & Finnegan, LLP, in the aggregate amount of $34,202.00 within 90 days preceding March 17, 2009. McGladrey states, however, that the remaining allegations and statements contained in Paragraph 14 of the Complaint constitute legal conclusions and, as such, no response is required. To the extent a response is required, McGladrey denies such allegations and statements.

15. The allegations contained in Paragraph 15 of the Complaint constitute legal conclusions and, as such, no response is required. To the extent a response is required, McGladrey denies the allegations and statements in Paragraph 15.

16. The allegations contained in Paragraph 16 of the Complaint constitute legal conclusions and, as such, no response is required. To the extent a response is required, McGladrey denies the allegations and statements in Paragraph 16.

17. The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions and, as such, no response is required. To the extent a response is required, McGladrey denies the allegations and statements in Paragraph 17.

18. The allegations contained in Paragraph 18 of the Complaint constitute legal conclusions and, as such, no response is required. To the extent a response is required, McGladrey denies the allegations and statements in Paragraph 18.

## AFFIRMATIVE DEFENSES

As and for a further Answer to the Complaint, and as and for its affirmative defenses thereto, McGladrey states and alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. § 547(c)(1), the Plaintiff's claims are barred to the extent that each of the alleged transfers was intended by McGladrey and Morgan & Finnegan, L.L.P. to be a contemporaneous exchange for new value provided by McGladrey to Morgan & Finnegan, L.L.P.

### SECOND AFFIRMATIVE DEFENSE

Each of the transfers received by McGladrey within the 90 days preceding March 17, 2009 was executed in payment of a debt incurred by Morgan & Finnegan, L.L.P. in the ordinary course of their business and, further, was made in the ordinary course of business between McGladrey and Morgan & Finnegan, L.L.P. and/or according to ordinary business and industry terms. Accordingly, pursuant to 11 U.S.C. § 547(c)(2), the Plaintiff may not avoid or recover any such transfer as preferential.

### THIRD AFFIRMATIVE DEFENSE

After each of the alleged transfers actually received by McGladrey was executed, McGladrey provided new value to or for the benefit of Morgan & Finnegan, L.L.P., which was not secured by an otherwise unavoidable security interest, and on account of which Morgan & Finnegan, L.L.P. did not make an otherwise unavoidable transfer to or for the benefit of

NYC:227053.2

4

McGladrey. Accordingly, pursuant to 11 U.S.C. § 547(c)(4), the Plaintiff may not avoid or recover any such transfer as preferential.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's prayer to recover costs and expenses of this lawsuit from McGladrey lacks any basis in law or equity and should be denied accordingly.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by one or more applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, setoff and/or recoupment.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that McGladrey's contracts were assumed, or assumed and assigned, the Plaintiff is estopped from pursuing the claims asserted in the Complaint.

### RESERVATION OF RIGHTS AND ADDITIONAL DEFENSES

McGladrey reserves the right to raise additional defenses and/or otherwise supplement the defenses asserted in this Answer, whether such additional defenses arise under federal law, state law, by statute, in equity, or at common law.

**WHEREFORE,** McGladrey prays that judgment be entered in its favor and against the Plaintiffs:

1. Dismissing all claims in the Complaint with prejudice and on the merits and ordering that the Plaintiff take nothing by this action;

2. Denying the Plaintiff's request for fees and cost; and

3. Awarding McGladrey such other relief as the Court deems just and proper, including its costs and disbursements incurred herein.

Dated: **APRIL 14, 2011**.

/s/ Anju Uchima
**ANDREWS KURTH LLP**
Anju Uchima (AU 7198)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Tel: (212) 850-2800
Fax: (212) 850-2929

*-and-*

Steven D. DeRuyter (MN #022287)
Edwin H. Caldie (MN #388930)
**LEONARD, STREET AND DEINARD**
*A Professional Association*
150 South Fifth Street
Suite 2300
Minneapolis, Minnesota 55402
Tel: (612) 335-1500
Fax: (612) 335-1657

**ATTORNEYS FOR DEFENDANT
RSM MCGLADREY, INC.**